Chancellor Rutledge
delivered the decree of the court.
*367 There are two questions in this case, for the considera-iion of the court, which depend on the construction of the two following clauses of the will of Janaes Mackie, viz :
“ I also give her whilst she continues my widow, and no longer, liberty to plant my land with her negroes, under the direction of my executor.” “ Item. I give, bequeath, and devise all the rest and residue of my estate, both real and personal, consisting of lands, negroes, horses, cattle, ikc.to my daughter, Harriet Mackie, and to her heirs and assigns for ever, when she attains the age of twenty one years, or at the day of her marriage, which ever shall first happen, but if my said daughter should die before the above mentioned periods, then I give, devise and bequeath that part of my estate which I had given to my said daughter, both real arid personal, to Captain William Alston’s two sons, John and William Alston.”
The first question is, whether complainant is entitled to plant testator’s land with any other negroes than those specifically bequeathed to her ? And second, whether the complainants daughter Harriet Mackie was entitled to the profits of the estate from her father’s death, to the time she died. The second question was principally argued, and complainant’s counsel contended that the estate given to the daughter, vested in her immediately, liable to be divested on the contingency of her dying Under age or unmarried. That she was entitled to the intermediate profits from testator’s death, to her own ; consequently, whatever of them remain in the hands of the executor, belong to complainant, as the legal representative of her daughter. That there being no disposition of them by the will, the daughter, to whom the estate was to go, was legally and equitably entitled to them. As a proof of that being testator’s intent, it was urged in argument, that he had made no provision for his daughter’s maintenance and education ; unless therefore the profits of the estate belonged to the daughter, she must starve orbe dependent on the bounty of the executor for maintenance. *368 Therefore it cannot be presumed that tbe testator intended to place his daughter, to whom he had given the bulk 0£ gig estate, in that predicaments
For defendant it is insisted that the estate did not vest in the daughter, but must wait until oile of the two periods mentioned in the will, arrived, viz. Her attaining twenty one years, or inaffiagei That the time of the vesting of the estate is annexed to the substance of the gift. And that not happening, the profits must accumulate and go to the persons to whom the estate is limited, on the contingency of her dying before she attained the age of twenty one years, or was married. Admitting at the same time that this being the case of a devise to a child, she was entitled to maintenance, though no provision was made for it, and that a liberal one had been made by the executor.
A variety of cases contradicting each other, have been cited by the counsel on both sides, in support of their respective clients; It is a circumstance much to be regretted that such contradictory decisions' should take place, for it is impossible they should be both right. The contradictions can arise but from two causes, either the judges differing in opinion, or the mistakes of the reporters in the reports of the cases. The number of the cases however on either side of the question, is not the true criterion by which the court is to determine it; but the intention of the testator, as it can be collected from the whole will, is the only sure guide for the court.
This is an extreme hard case on the complainant, and the court have been much disposed to grant the relief prayed for. They have perused the will with the strictest attention, desirous of finding if possible, some words on which' to found a decree in favour of complainant, thinking it scarcely possible, that it could be the testator’s intention to give away nearly the whole of. his estate in case of the death of his daughter, under age or unmarried, to persons whom he knew little of, was totally unconnected with, and absolutely strangers to him, in preference to his wife. Such however is the case. The *369 words he has used in the will aad codicil, are so strong to ,shew that the time the devise was to vest, was annexed to the substance of the gift, as to leave no room in the mind to doubt of his intention. The words “ when” and “ if,” are not to be got over. The daughter was to have the estate “ when” she arrived at the age of twenty-one, or was married. But “ if” she dies before the above mentioned periods, then the estate is devised over. The estate not having vested in her, she of course could not be entitled to the profits, but they must go over to the defendants, who are entitled to the capital. It is needless to say anything on the subject of maintenance, because she was allowed it by the executor. As to the second question, whether complainant should be restricted to negroes bequeathed to her to plant on testator’s land, the will is not explicit; the words are general, she shall have liberty to plant with her negroes, &c. There is no restriction as to the number; and therefore the court would not confine her to those merely bequeathed to her by testator; if she attemps to plant with others that do not belong to her, she Can be restrained by application to the court.
Although the complainant has not wholly succeeded in her application, she is nevertheless entitled to her costs, because she was compelled to come here to have the land properly assigned to her, that she was to plant. Also to have the question ascertained whether she had a right to plant with more negroes than those specifically bequeathed to her by the testator.